**Stephen PRICE, Plaintiff,**

v.

**INTERSTATE WAREHOUSING, INC., Defendant.**

No. 97 C 3618.

United States District Court,
N.D. Illinois,
Eastern Division.

May 19, 1999.

Thomas J. Canna, John F. Canna, Dawn M. Hinkle, Canna and Canna, Ltd., Orland Park, IL, for plaintiff.

Christopher E. Hoyme, Nancy Wood, Berens & Tate, P.C., Omaha, NE, Thomas S. Moore, Anderson & Moore, P.C., Chicago, IL, for defendant.

### MEMORANDUM OPINION AND ORDER

MORTON DENLOW, United States Magistrate Judge.

On April 19, 1999, a jury returned a $20,000 verdict in favor of Plaintiff, Stephen Price ("Price"), and against Defendant, Interstate Warehousing, Inc., ("Interstate"), for a violation of the Americans with Disabilities Act (the "ADA"), 42 U.S.C. § 12101 *et seq.* The case is now before the Court on the issues of back pay, prejudgment interest and front pay.

### I. BACKGROUND FACTS

Price was employed by Interstate as a warehouse worker from October 31, 1994 through November 29, 1995, when he was terminated. Price was a good worker and received a positive ninety-day review and

raise on January 31, 1995. After a second raise on August 6, 1995, along with all other warehouse workers, he was making $9.50 per hour.

Price suffered a heart attack on September 1, 1995, and was placed on medical leave for twelve weeks. On November 20, 1995, Price's doctor gave him a letter stating that he could return to work; however, he could not lift more than 20 pounds. Following a meeting between Price and Interstate's Director of Human Resources, Interstate terminated Price effective November 29, 1995, and notified him via a telephone call and confirming letter.

Price retained counsel who sent Interstate a letter dated December 14, 1995 requesting reinstatement. Interstate did reconsider the matter by having Price examined by its company doctor, having him submit to a functional capacity assessment and retaining a consultant to perform a job site analysis. On April 29, 1996, Interstate wrote to Price and offered to reinstate him on the condition he obtain a letter from his doctor releasing him to return to work without any restriction.

In the meantime, in January 1996, Price took a job as a janitor with Heritage Inn Best–Western in the St. Louis area. He has continued to reside in the St. Louis area. In February 1996, he left Best–Western and began work at Datastor, Inc. (now Pierce Leahy Corporation). At about the same time, he also began working for Schnuck's Food Market. At the time of trial, Plaintiff was earning $8.50 per hour at Pierce–Leahy Corporation for 40 hours per week and $7.75 per hour at Schnuck's Food Market for 32 hours per week. At the time of trial, a warehouse worker at Interstate was earning $11.50 per hour.

The jury found Interstate violated the ADA and awarded Price $20,000 in compensatory damages and no punitive damages. The issues of back pay and front pay were left to the Court. During the trial, the Court heard additional evidence and arguments on these issues outside the presence of the jury.

## II. BACK PAY

Title VII remedies apply to ADA cases. *See* 42 U.S.C. § 12117(a). In the event the jury returned a verdict for Plaintiff, the parties agreed a full back pay award would include $1,801.48 for Cobra insurance paid for by Price, $200 in job search costs and $21,420.75 in back pay. The only disputed issue was whether Price's back pay should be cut off by reason of Interstate's letter of April 29, 1996. If so, Price's back pay award would be reduced to $13,702.

Interstate relies upon *Ford Motor Company v. EEOC*, 458 U.S. 219, 102 S.Ct. 3057, 73 L.Ed.2d 721 (1982). In *Ford*, the Court held an employer can toll the accrual of back pay liability by unconditionally offering claimant the job, thereby providing claimant the opportunity to minimize damages. 458 U.S. at 232, 102 S.Ct. at 3066. The *Ford* decision is distinguishable because the offer to Price was conditioned upon returning to work with no weight lifting restriction. Accordingly, Price is awarded full back pay as follows:

| | |
|---|---|
| Cobra Premiums | $ 1,801.48 |
| Job Search Costs | 200.00 |
| Back Pay | $21,420.75 |
| **Total:** | **$23,422.23** |

## III. INTEREST

Prejudgment interest on back pay is awarded to compensate Price for the loss of use of money. *Downes v. Volkswagen of America, Inc.*, 41 F.3d 1132, 1143 (7th Cir.1994). Interest in the amount of $3,052.58 is awarded. The parties did not dispute the computation of interest.

## IV. FRONT PAY

Front pay represents the equitable equivalent of reinstatement and is available when reinstatement is not appropriate. *Williams v. Pharmacia*, Inc., 137 F.3d 944, 951 (7th Cir.1998). Front pay is defined as "a lump sum ... representing

the discounted present value of the difference between the earnings [an employee] would have received in his old employment and earnings he can be expected to receive in his present and future, and by hypothesis inferior, employment." *McKnight v. General Motors Corp.,* 908 F.2d 104, 116 (7th Cir.1990), *cert. denied,* 499 U.S. 919, 111 S.Ct. 1306, 113 L.Ed.2d 241 (1991). Given the hostility between the parties and the likelihood of an appeal, reinstatement is not appropriate. Price seeks a front pay award of five years based on the difference between the $11.50 per hour currently being paid at Interstate to warehouse workers and the $8.50 per hour he is currently earning at Pierce Leahy. Interstate argues no front pay should be awarded because Price is currently working two jobs and making more in total than he would have earned at Interstate.

The front pay award is designed to approximate the benefit Price would have received had he been able to return to Interstate. *Williams,* 137 F.3d at 953. The Court concludes that a two-year front pay award based on the difference between the rate of pay at Interstate ($11.50 per hour) and the rate of pay at Pierce Leahy Corp. ($8.50 per hour) for a forty-hour week ($12,480) discounted to present value at the prime rate of interest (7.75%), which equals $11,980, is appropriate. It is highly unlikely Price could find an equivalent paying job to his Interstate job. He has been unable to do so for over three years. Price's employment history demonstrates a propensity to change jobs. Given the nature and difficulty of the work and the high turnover rates, it is reasonable to expect that if reinstated, Price would leave Interstate at the end of two years. In addition, given the downturn in Interstate's Joliet business, it is not unreasonable to expect Price might have been laid off at the end of two years. However, Price should not be punished for taking a second job to make as much or more than he was making at Interstate. Facing the

same dire financial predicament, he would seek overtime or a second job while at Interstate. Accordingly, Price is awarded $11,980 in front pay.

## V. CONCLUSION

The Court directs the entry of judgment in favor of Plaintiff, Stephen Price, and against Defendant, Interstate Warehousing, Inc., in the amount of **$157,875.32,** computed as follows:

| | |
|---|---|
| Jury Award for Compensatory Damages | $ 20,000.00 |
| Cobra Premium | $ 1,801.48 |
| Job Search Costs | $ 200.00 |
| Back Pay | $ 21,420.75 |
| Interest | $ 3,052.58 |
| Front Pay | $ 11,980.00 |
| Attorney's Fees | $ 95,750.00 [1] |
| Court Costs and Expenses | $ 3,670.51 |
| **Total:** | **$157,875.32** |

---

**1.** The Court's award of attorney's fees, court costs and expenses was made during the

hearing held on May 19, 1999.